WILLIAM KIRBY

*v.*

WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY *et al.*

*Filed at Springfield March 26, 1884.*

1. CONTRACTS—*rule of construction—as to meaning of words.* Words in a contract are to be construed according to their strict and primary acceptation, unless from the context, and the intention of the parties to be collected from it, they appear to be used in a different sense, or unless in their strict sense they are incapable of being carried into effect.

2. SAME—*in case of doubt, in whose favor to be solved.*  If from a contract for a conveyance of a right of way upon a certain condition, it is doubtful what is intended by the words as to the condition, the doubt must be solved in favor of the grantee.

3. SAME—*a contract construed as to location of right of way and railroad.*  The owner of lands gave a bond to a railway company proposing to construct a railroad, obligating himself to make a deed for a strip of land fifty feet wide on each side of the center line of the road, as the same might be located upon and over his lands, which were described, provided said railroad should be built west and north of his dwelling house then occupied by him "on said premises," when the road was completed, etc., which also provided that unless the road was constructed so that cars might run over the same by a day named, it should become void.  Under this, the company entered upon a part of the premises, without objection by the owner, and constructed its road in the time named, west and north of the dwelling house, but that part of the road north of the house was not built on such party's land.  It appeared that his house was situate only two hundred feet south of his north line:  *Held,* that the condition of the bond was complied with if the road was built west and north of the house, without regard to the ownership of the land on which it was built, and that the words, "on said premises," qualified the word "house," or should be regarded as merely redundant.

4. EJECTMENT—*plaintiff must recover on the strength of his own title—bond for a deed as a defence.*  The owner of land gave a railway company a bond for a deed for a strip of land over his premises, to be given on the performance of certain conditions, which were performed, and a different company operating the road was sued by him in ejectment.  It was objected that the defendant had not shown either a lease or a deed for the right of way from the original company:  *Held,* that the rights of the defendant could not concern the plaintiff, who must recover, if at all, on the strength of his own title, and that the bond was a good defence to the action.

APPEAL from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. T. S. CHAPMAN, and Mr. A. A. GOODRICH, for the appellant.

Messrs. BROWN & KIRBY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment, by appellant, against appellee, for a strip of ground occupied by the latter as right of way for its

railroad.   The general issue was pleaded, and by agreement of parties the cause was tried by the court without the intervention of a jury, and judgment was rendered for appellee.

Appellant's title to the strip in controversy, originally, is conceded, and the only question is, whether he bound himself, by a bond read in evidence, to convey it for railroad right of way.   The bond read in evidence is as follows:

"For and in consideration of the benefits and advantages that will accrue to me by reason of the construction of the St. Louis, Jerseyville and Springfield railroad, and as an inducement to said company to construct their proposed railroad, and also in consideration of the payment to me by said company of one dollar, the receipt of which is hereby acknowledged, I do hereby agree and bind myself, my heirs, administrators, executors and assigns, to make unto said railroad company a good and sufficient deed, free from all incumbrances, for a strip of land fifty (50) feet wide on each side of the center line of said road, as the same may be located and constructed over and upon the following described tract or parcel of land, lying and being in the county of Jersey, and State of Illinois, to-wit:   South-west quarter of southeast quarter, and eighteen (18) acres of north part of southeast quarter of south-east quarter, both in section 28; also, the west half of the north-east quarter, and north half of the south-east quarter, of section No. 33,—all in township No. 8, north of range No. 11, west of third principal meridian,— provided said railroad shall be built west and north of my dwelling house now occupied by me on said premises.   The said deed to be executed and delivered to the president of said company when the road is completed through above described premises, from a point on the Mississippi river at or near Grafton or Jersey Landing, in Jersey county, Illinois, *via* Jerseyville, to or near Medora, to or near Chesterfield, to or near Palmyra, all in Macoupin county, Illinois, and to or

near Waverly, in Morgan county, Illinois, thence to Springfield, Illinois, or with a railroad connection with Springfield, Illinois. And unless constructed so that cars may be run over the same, as above, on or before the first day of January, A. D. 1882, then this bond shall be null and void.

"Witness my hand and seal, this 6th day of December, 1880.

W. KIRBY.    [SEAL.]"

There was also oral evidence given at the same time, in substance, that the St. Louis, Jerseyville and Springfield Railroad Company entered upon the premises of the appellant under and by virtue of this bond, and built its railroad thereon, without objection from appellant; that the road was built through the premises of appellant described in the bond, from "Jersey Landing," a point on the Mississippi river in Jersey county, *via* Jerseyville, through Medora, Chesterfield and Palmyra, in Macoupin county, and through Waverly, in Morgan county, to Bates, in Sangamon county, there connecting with the Wabash, St. Louis and Pacific railway, which runs thence to and through Springfield, so that cars were actually run on it, and did actually run its entire length, by and on the first day of January, 1882; that said railroad was built west and north of the dwelling house of appellant which he then occupied, and which was located on said premises, but the portion of said road that was built north of such dwelling house was not built on the premises of appellant; and also, that the north line of the premises of appellant, described in the bond, is only two hundred feet from his dwelling house thereon.

The question is, whether the condition in the bond requires that the railroad shall be built on appellant's land west and north of appellant's dwelling house, or is it sufficient that it is built west and north of that house, without regard to the ownership of the land on which it is built. The latter was the view taken by the court below, and, as we think, the cor-

rect one.   It is, as we understand, conceded that the grammatical construction of the sentence leads to this conclusion; but it is insisted that such construction makes senseless the words, "on said premises," and that effect must be given those words, and that requires that they shall be held to refer back to and qualify the words, "shall be built."   At most, those words are only redundant,—they are not meaningless. The sentence, taken alone, as it is written, runs thus: "Provided said railroad shall be built west and north of my dwelling house now occupied by me on said premises."   The rule is, "words are to be construed according to their strict and primary acceptation, unless from the context of the instrument, and the intention of the parties to be collected from it, they appear to be used in a different sense, or unless in their strict sense they are incapable of being carried into effect." (1 Chitty on Contracts, 11th Am. ed. 113.)   It would seem to admit of no reasonable controversy, that under this rule, if the words, "said premises," were not liable to the charge of redundancy, they would qualify the word "house,"—*i. e.*, for instance, if the sentence had been thus: "Provided said railroad be built west and north of my house on said premises," the words "on said premises," would qualify the word "house." Then, can we say, as matter of law, that there is greater presumption against the redundant use of words than there is in favor of their correct arrangement in a sentence?   We are aware of no authority for such a ruling.   Indeed, experience demonstrates that redundancy in the use of language is as common an error as obtains in speaking or writing.   Very few, if any, reduce their language, uniformly, to such words only as are necessary to accurately convey their ideas.   It would have been so natural here, had the intention really been so, to have said, "Provided said railroad be built on said premises west and north," etc., that we incline to the belief that there is less probability that there was error in that regard than that a word or so more than was absolutely

necessary was employed to describe the house. At best, we think all that can be said is, it is doubtful which was intended; but if it be doubtful, the doubt must be solved in favor of the grantee, and the construction for which it contends sustained. 2 Washburn on Real Estate, (2d ed.) 669, *628.

Regarding the case as one where it would be proper to refer to extraneous circumstances, the fact that if the road had been built north of the house on appellant's premises it would have had to come within a few feet of the house, would seem to render it clear that that construction could not have been intended, because it must have been to increase his damages, there being no requirement to make a station at that place, or to do any other act from which a presumed benefit would result to him.

Counsel suggest that appellant was directing the course the road should take over his own land, and not over that of others. This is hardly borne out by the language of the bond. It will be seen the construction of the road on a prescribed line, and within a definite period, is made necessary, while no direction is given as to how the road shall run over his premises. It is simply to be built west and north of the house, without other restrictions. Of course, this is to be done with reference to the line upon which the road is, in another sentence, provided to be built.

The objection that the present appellee is not shown to have had either a lease or a deed, can not concern appellant. He must recover, if at all, upon the strength of his own title. The question of appellee's rights is a matter to be adjusted between it and the St. Louis, Jerseyville and Springfield Railroad Company. The bond was a good defence, and the judgment below was right. *Turpin* v. *Baltimore, Ohio and Chicago R. R. Co.* 105 Ill. 11.

The judgment is affirmed.

*Judgment affirmed.*