## Belle C. McCarthy, Appellee, v. The Pacific Mutual Life Insurance Company of California, Appellant.

### Gen. No. 16,947.

1. CONTRACTS—*interpreted as mutally understood.* In the interpretation of a contract, the courts seek to give effect to it according to the sense in which the parties mutually understood it when made.

2. CONTRACTS—*intention of the parties.* Where the intention of the parties is sufficiently apparent, the contract is construed accordingly, though in so doing violence is done to the ordinary meaning of the words.

3. CONTRACTS—*when language is given its usual meaning.* Where there is nothing to indicate that the parties intended otherwise, the language used in a contract is given its usual and ordinary meaning.

4. INSURANCE—*construction of clause in accident policy.* In an action on an accident policy, the words "injured in an occupation," used in a clause changing the indemnity where the assured changes his occupation, are construed to mean "while engaged in an occupation" in the sense that it was his regular occupation when he was injured.

5. INSURANCE—*when declaration states a prima facie case.* A declaration on a policy of insurance states a *prima facie* case when it alleges the issuance of the policy and the performance of all the conditions precedent therein contained, and it is unnecessary to negative matters of defense.

6. INSURANCE—*when declaration is sufficient.* In a declaration on a life or accident insurance policy, it is sufficient to aver the issuance of the policy, its terms, payment of the premiums, the death or injury, and notice and proof thereof to the insurance company.

7. INSURANCE—*when change in liability is proper defense to action on insurance policy.* Where a clause in an insurance policy provided that if insured is injured "in an occupation" classified by the company in its latest manual as more hazardous than that stated in the schedule of warranties, the liability of the company is thereby reduced, it is a proper matter of defense where insured has changed occupations, and may be pleaded either in the language of the policy or in its legal effect.

8. INSURANCE—*what need not be averred in plea to an action on policy.* Where an insurance company, in its defense to an action on a policy, pleads a reduction of liability on account of insured

changing to a more hazardous occupation, it is unnecessary to aver that insured was not engaged in the former occupation where it is averred that he was engaged in the more hazardous one.

9. INSURANCE—*when provision that liability may be determined by "latest" manual is valid.* A stipulation in an insurance policy is valid which provides that in case insured shall change his occupation the "latest" manual of the company shall be referred to to determine whether the newly-adopted occupation is more hazardous and what amount of indemnity is the basis of liability.

10. INSURANCE—*use of manual in determining liability.* In an action on an accident policy, R. S. ch. 73, § 208, cl. 3, and § 209, do not apply in determining whether the manual of the insurance company may be looked to in ascertaining the amount of indemnity that is to be the basis of liability.

Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with directions. Opinion filed March 26, 1913. Rehearing denied and opinion modified and refiled April 25, 1913.

GEORGE H. MASON, for appellant.

JULE F. BROWER and SAMUEL B. KING, for appellee.

PER CURIAM.—On March 18, 1908, appellant issued to Matthew H. McCarthy, then a tailor by occupation, an accident insurance policy, in which, in consideration of $25 premium then paid by him, appellant undertook to pay to appellee, as beneficiary, in case the insured should be killed by certain means therein named a sum varying according to the character of the occupation or exposure in which he was injured. On November 12, 1908, the insured died as the result of injuries received in a manner rendering appellant liable for some amount. This suit was commenced to recover the amount appellant would be liable for on the theory that the insured was injured in the occupation or exposure of a tailor, in which he was engaged when insured. On the issues joined and submitted to a jury, a directed verdict for appellee was returned for $6,880, and a judgment was entered for appellee

504        APPELLATE COURTS OF ILLINOIS.

McCarthy v. The Pacific Mutual Life Ins. Co., 178 Ill. App. 502.

for that amount and for costs. It is not contended that, on the issues as they were made up at the time the case was submitted to the jury, there is anything wrong with the verdict or judgment, but it is earnestly insisted that in sustaining a demurrer to four pleas of appellant, designated as additional pleas, reversible error was committed by the court.

The policy contained, among other stipulations, the following:

"3. If the insured is injured in an occupation or exposure classified by this company in its latest manual as more hazardous than that stated in the Schedule of Warranties, the company's liability shall be limited to such proportion of the principal sum or other indemnity as the premium actually paid will purchase at the rate fixed by the company for such more hazardous occupation or exposure."

With the quoted stipulation as a basis appellant filed the four pleas above mentioned. In the first of these additional pleas, after reciting that the policy contained the stipulation quoted, appellant avers:

"That at the time of receiving the bodily injuries, as alleged in the plaintiff's declaration, the said insured, to wit: the said Matthew H. McCarthy, *was then and there engaged in the occupation of farmer; and that the occupation of said McCarthy at the time and place last aforesaid was that of farmer;* by means whereof defendant became liable, upon the death of the said insured, to wit: said Matthew H. McCarthy, as alleged in said declaration, and still is liable to pay to the plaintiff the sum of $2,031.25, part and parcel of the said sums of money in the said declaration mentioned, according to the tenor and effect of the said policy of insurance."

The second additional plea is the same as the first, except, instead of containing the words, "was then and there engaged in the occupation of a farmer; and that the occupation of said McCarthy at the time and place last aforesaid was that of farmer," it contains the words, "was exposed to the risk or hazard of a

farmer and received the bodily injury mentioned and alleged in the declaration while so exposed."

The third additional plea was, in substance, the same as the first, except the occupation of the insured at the time of the injury is described as "farmer supervising only," and it is averred that the occupation of "farmer supervising only" was classified as "medium," but more hazardous than that of a tailor and that at the time of the injury the insured "was engaged in the occupation of farmer supervising only, and that his occupation was at the time last aforesaid that of a farmer supervising only."

The fourth and last additional plea was the same as the third, except that, instead of the language last above quoted, the words "was exposed to the risk of a farmer supervising only and received the bodily injury mentioned in the declaration aforesaid while so exposed" were used.

In the view we take of this case, the question of the sufficiency of these four additional pleas can be disposed of by determining what construction should be given to the words "injured in an occupation or exposure," contained in the clause of the policy above quoted, and whether these additional pleas or any of them set up a state of facts which under that stipulation, when properly construed, would limit the liability of appellant to the amount mentioned in such pleas.

In the interpretation of a contract it is the duty of courts to seek to discover and give effect to it according to the sense in which the parties to it mutually understood it when it was made. Whalen v. Stephens, 193 Ill. 121. If the intention of the parties is sufficiently apparent, the contract will be construed accordingly, even if in so doing violence is done to the ordinary interpretation of the words (Dowiat v. People, 193 Ill. 264), but if there is nothing to indicate that the parties intended otherwise, the language used will be given its usual and ordinary meaning. Kirby v. Wabash, St. L. & P. R. Co., 109 Ill. 412.

506    APPELLATE COURTS OF ILLINOIS.

McCarthy v. The Pacific Mutual Life Ins. Co., 178 Ill. App. 502.

It is a matter of common knowledge that the classification of risks, using the term to signify persons applying for accident insurance, is made upon the basis of the employment in which the risk or applicant is engaged at the time the policy is applied for and issued. This classification is made for the purpose of ascertaining whether such person is eligible for insurance at all, and if so, what premium will be exacted for a given amount of indemnity. Such premium varies according to whether the employment in which the applicant is engaged is considered by the insurance company as preferred, or as hazardous, and if hazardous, to what degree. It is also well known that persons change their employment. In order to avoid the forfeiture of the policy and the loss to the insured of all the premium paid by him, in case, after the policy is issued, he embarks in some business more hazardous than the one he was engaged in when insured, it has come to be the practice of insurance companies to provide by some apt language in the policy some plan or scheme whereby, when the assured does change his occupation, the indemnity shall be proportionate to the hazard of the new employment and rate paid. It is to effectuate that purpose that the clause quoted was included in the policy issued to Matthew H. McCarthy.

Appellant contends that the insured in this case was engaged in a more hazardous occupation, when he was injured, than he was engaged in when he was insured, and that by reason of this change in occupation his indemnity was decreased; that the words "injured in an occupation," as used in the clause quoted, mean "while engaged in an occupation" in the sense that it was his regular occupation when he was injured, as distinguished from being the occupation in the actual performance of which he was being injured. Identical, as well as similar, language has, however, been construed by the courts to mean what is here contended for it. McNevin v. Canadian Ry. Accident

Ins. Co., 32 Ont. Rep. 284; Berliner v. Travelers' Ins. Co., 121 Cal. 458; Fox v. Masons' Fraternal Acc. Assn., 96 Wis. 390; Holiday v. American Mut. Acc. Ass'n, 103 Iowa 178; Standard Life & Accident Ins. Co. of Detroit v. Carroll, 30 C. C. A. 253, 86 Fed. 567; Aetna Life Ins. Co. v. Dunn, 71 C. C. A. 79, 138 Fed. 629.

While without doubt the origin of that construction can be traced to cases in which the insured had been injured in some employment or occupation in which he was temporarily or incidentally engaged, and different from the one in which he was engaged when insured, and the courts, by reason of the uncertainty of the language employed in the policy, have applied the rule that the language used in policies of insurance and other contracts, when doubtful, must be construed most strongly against the party who framed them, it has been adhered to so uniformly, even in some cases where it results in a reversal of that rule, that we feel bound to follow in the beaten path, although to do so in this case is to adopt a construction most favorable to the party who worded the stipulation.

A declaration on a policy of insurance states a *prima facie* case when the issuance of the policy and the performance of all the conditions precedent therein contained are alleged. It is not necessary to negative in the declaration matters of defense. Phenix Ins. Co. v. Stocks, 149 Ill. 319; Continental Life Ins. Co. v. Rogers, 119 Ill. 474. In a declaration on a life or accident insurance policy it is sufficient to aver the issuance of the policy, its terms, the payment of the premiums, the death or injury, and the notice and proof thereof to the insurance company. If the insured in this case was injured "in an occupation or exposure," classified by the company in its latest manual as more hazardous than that stated in the schedule of warranties, and the liability of the company was thereby reduced, it was a proper matter of

508    APPELLATE COURTS OF ILLINOIS.

McCarthy v. The Pacific Mutual Life Ins. Co., 178 Ill. App. 502.

defense, and if set up in a plea, either in the language of the policy or in its legal effect, it is a good plea. The pleader in this case chose to set up the defense under the stipulation quoted according to his understanding of the legal effect thereof, which is, as heretofore shown, in accord with the weight of authority. Appellee insists the pleas are bad, because they do not contain an express averment that the insured was not a tailor. The declaration does not contain an averment that he was a tailor or engaged in any particular employment. In the absence of such an averment in the declaration the averment in the pleas that the insured was engaged in the employment of "farmer" or "farmer supervising only" is equivalent to an averment that he was not a tailor.

The contention of appellee that the latest manual of the company not being part of the policy cannot be considered for any purpose in this case is not sound.

As we understand it from the terms of the policy quoted, as well as from the arguments of counsel, the "latest manual of occupations" referred to is a tabulated list of employments relatively classified by the company from time to time, with reference to the liability of persons engaged therein, to be injured or killed by external, violent means, and fixing a rate of premiums to be paid by persons engaged in those employments respectively for a given amount of indemnity, and which being subject to change by the company may or may not be the same at the time an injury is sustained, as it was when the policy was issued, and that whatever manual is the "latest manual" at the time an injury is sustained is the one referred to in the stipulation. It is manifest that neither what did not exist at the time the policy was issued nor that which did then exist, but which might not exist when the injury should be received, could be incorporated in the policy. We agree with counsel for appellant that the manual of occupations was not part

of the policy. We are unable, however, to see why it may not be looked to for the purposes for which the parties have agreed it shall be.

The question of when and under what conditions the liability of the insurance company may be reduced, and the means by which the extent of such reduction shall be determined are certainly legitimate subjects for contract. The stipulation in question, in substance and legal effect, is that in case the insured shall, while the policy remains in force, change his occupation, the manual that is then the "latest" manual of the company, whether it is the one that was in existence when the policy was issued or not, shall be referred to to determine, and shall be conclusive on the questions of whether the newly adopted occupation is then classified by the company as more hazardous than that of tailor, and if so classified, then what the amount of indemnity is that is the basis of liability, in view of the adoption of the new and more hazardous employment. It being a proper subject of contract and the parties having contracted concerning it, no reason appears why they should not be bound. In Consolidated Real Estate & Fire Co. v. Cashow, 41 Md. 59, and in Blackstone v. Alemaina Ins. Co., 56 N. Y. 104, very similar contracts were upheld. These cases were re-insurance cases and the stipulations in the reinsurance policies that were upheld left the determination of such questions as the extent of liability and the time and manner of payment to be determined by the obligations of the original insurer under its policy. The courts then held the reinsurance companies bound by the stipulation, not because the original insurer's policy or contract, or its obligation under it, was part of the policy of reinsurance, but after expressly holding that it was not.

Appellee insists that clause 3 of section 208u and section 209 of chapter 73, R. S., are controlling and prohibit the consideration of the manual for any purpose. Clause 3 of section 208u is found in that part

of chapter 73, R. S., dealing with life insurance policies, and provides, in part, "* * * that the policy together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties." Section 209 is found in that part of chapter 73, R. S., dealing with accident insurance and provides, in part, "* * * that the policies or certificates shall state on their face the agreement with the person receiving the same." Waiving the question whether clause 3 of section 208u applies to accident insurance policies, which is doubtful, to say the least, that clause, as well as section 209, could relate only to the question whether the manual can be considered a part of the policy, and are not helpful on the question whether the manual, although not part of the policy, can be looked to as a means of ascertaining the amount of indemnity that is to be the basis of liability.

The stipulation being construed in accordance with the foregoing authorities, the pleas were sufficient and the demurrer to them should have been overruled.

The judgment of the Superior Court is, therefore, reversed and the cause remanded with directions to overrule the demurrer to the pleas referred to.

*Judgment reversed and remanded with directions.*