## Sipp v. Philadelphia Life Insurance Company.

*Insurance—Representation as to age—Adjustment of age clause—Table of figures for different ages—Act of June 23, 1885.*

1. Where a life insurance policy for $3000 taken out prior to the Act of June 23, 1885, P. L. 134, stated that the age of the insured was fifty years at the date of the policy, in an action on the policy, an affidavit of defense which averred that at the date of the policy the insured was in fact sixty-five years old, that the company had used at all times a fixed certain rate of premiums, that the amount of the premium actually paid upon the policy would have purchased at the time of the issuance of the policy the face amount of insurance of $1585 at the age of insured at sixty-five years, and that the company was ready and willing to pay that amount, is sufficient.

2. In such a case, the defendant was not required to attach to its policy its schedule of rates and the amount of purchasable insurance for the premiums paid at any possible age in order to avail itself of the defense set up under the misstatement of age adjustment clause in the policy.

3. The incontestability clause does not preclude defenses based on other provisions in the policy; such other provisions must be given concurrent effect with the incontestability clause.

Rule for judgment for want of sufficient affidavit of defense. C. P. No. 1, Phila. Co., March T., 1925, No. 1910.

R. V. Bolger, for plaintiff; R. Duane and E. J. Boughton, for defendant.

McDevitt, P. J., Jan. 27, 1928.—This matter came before the court on a rule taken by the plaintiff for judgment for want of a sufficient affidavit of defense. The action pending is based upon a standard life insurance policy in the sum of $3000.

The death of the insured is alleged to have occurred on March 7, 1919, in New York City. According to the docket entries, summons was not issued until March 6, 1925, six years after the death. The defense raised is that when the policy was written, the age of the insured was stated to be fifty

Sipp v. Philadelphia Life Insurance Company.

years and the premium for the amount of the insurance written was fixed and based on that representation; that the insured was at that time in fact sixty-five years of age; that the defendant would have insured the decedent at that age, but the amount of insurance which the premium paid would have purchased at the alleged correct age of sixty-five years, if then stated, would have been $1585 and not $3000, the amount stated in the policy, which was based on the representation that the decedent was then fifty years of age; that defendant stands ready to pay said sum of $1585, less deduction of $423 advanced to the insured as a loan on the policy.

Defendant claims the right to set up this *pro tanto* defense upon the misstatement of age clause contained in the policy, which is as follows: "If the age of the insured has been misstated, the amount payable hereunder shall be such a sum as the premium actually paid would have purchased at the correct age."

The plaintiff contends that, in view of the provision in the policy that it shall be incontestable after a year and because the policy did not contain a schedule of the premium rates at the alleged correct age, the defense set up is unavailable because of the provision in the policy: "A copy of the written and printed application for this contract is attached hereto. This policy and application therefor, taken together, constitute the entire contract."

Plaintiff relies on some statements of the Superior Court in the case of Mitchell v. Pennsylvania Mutual Life Ins. Co., 90 Pa. Superior Ct. 426. An examination of that case discloses, however, that the portion of the opinion relied upon was merely an *obiter dictum* of the court entirely unnecessary for the determination of the matter in controversy, which had already been determined in favor of the plaintiff in that case upon another ground not present in this case.

It was contended by the defendant in that case that the policy sued on was void because it was the rule and custom of the defendant company not to insure any one over the age of sixty years. The insured was alleged to have been sixty-five years when the policy was written. After alleging that "said policy was void," defendant added, as a makeweight, that at most the amount payable under said policy on the basis of the alleged correct age of the plaintiff therein amounted to a certain sum stated, being less than the amount stated in the policy.

The Superior Court affirmed a judgment in favor of the plaintiff by the court below in the following language (page 429) : "The learned court below entered judgment for the plaintiff for the amount of the policy for want of a sufficient affidavit of defense, holding that as the affidavit alleged that sixty years was the insurable age limit of the company and so the premiums paid could not have purchased any insurance at the true age, it did not involve a mere matter of reduction, *but a contest of the entire amount, which the clause relating to incontestability prohibited.* No reference was made in the opinion to the averment in the affidavit that, under the clause relative to misstatement of age, the amount which would be payable under the policy was $445.85 and no larger amount could be due the plaintiff."

It is clear that the decision of the Superior Court rests on the ground that it involved "the contest of the entire amount, which the clause relating to incontestability prohibited," an obviously correct conclusion.

The Superior Court, however, went on to suggest that effect would not be given by the courts to the "adjustment of age" clause in such a policy unless there were included in it tables of figures which would inform the insured or the beneficiary how much insurance the premium paid would have purchased

at the correct age. A fuller consideration of the question seems to lead to another result.

Obviously, to meet the suggestion of the Superior Court, a policy would have to contain a table of figures for every other age than the one given in the application, because the company could not know in advance what might ultimately be determined to be the correct age of the insured in any case in which that fact were brought in question.

In the Mitchell case, the Superior Court said, at the end of its opinion (page 429): "The clause in the affidavit of defense which alleged this amount to be $445.85 is not based on the policy, nor on the company's established premium, and is, accordingly, of no effect and insufficient to prevent judgment."

It is apparently with that in mind that the court went on to say that the company could not go outside the policy "to some other source or some other company" to calculate the insurance which the premium paid would have purchased at the insured's correct age.

In the instant case, the affidavit of defense sets forth "that defendant had and used at all times its fixed certain rates of premiums; that the amount of the premium actually paid upon the policy herein sued upon would have purchased from defendant, at the time of said application and issuance, a policy, otherwise identical with the policy herein sued upon, for the face amount of insurance of $1585, at the age of the insured of sixty-five years." The question is whether, in such a situation, a company having fixed certain rates of premiums as well for the stated age of the insured as for the alleged correct age of the insured, it may not, under the "misstatement of age" clause in the policy (now a compulsory provision), be permitted to show the amount of insurance which would have been purchasable at the alleged correct age or whether this (now compulsory) provision in an insurance policy is to be unavailing to insurers unless they attach to their policies rates and amounts of insurance purchasable for every conceivable age.

At the time the policy in the instant case was written, Jan. 6, 1911, the Act of June 23, 1885, P. L. 134, was in force. Section 2 of the act provided:

"Section 2. Whenever it shall be made to appear that a wrong age has been given in good faith in any application for a policy of life insurance the company shall not be required to pay the face value of the policy, but such sum as the premium paid would have purchased at the applicant's real age at the time of effecting the insurance."

By the Act of June 1, 1911, P. L. 581, the inclusion of a misstatement of age provision to provide for the payment of an adjusted amount of insurance, based on the correct age, was made mandatory. Thereafter, the appropriate clause of the Act of 1911 was incorporated *verbatim* in the General Insurance Law of Pennsylvania by the Act of May 17, 1921, P. L. 682, 721. The Act of 1885, in force at the time of the writing of the contract in the instant case, fixed the policy of the State so as to take an innocent misstatement of age out of the general class of misrepresentations which would void a policy and substitute an entirely new system, whereby the insurance company was deprived of a total defense on the one hand and afforded a measure of relief on the other; that is, it provided for an equitable adjustment based on the facts.

It is the opinion of this court that the right of the defendant insurance company to set up a defense *pro tanto* on an age adjustment basis was given by the Act of 1885 without regard to the inclusion of the provision for such a right in the policy itself, although the age adjustment clause was con-

Sipp v. Philadelphia Life Insurance Company.

tained in the policy written by the defendant company in the instant case, anticipating the compulsory requirement for the inclusion of such a provision by the Act of 1911.

The plaintiff's contention cannot rest on the incontestability clause. It was held in the Mitchell case, already cited, and it has been held in many other cases in this and other jurisdictions, that the incontestability clause does not preclude defenses based on other provisions in the policy. It has been held that other provisions in the policy must be given concurrent effect with the incontestability clause: Stark v. Union Ins. Co., 134 Pa. 45; Brady v. Prudential Ins. Co., 168 Pa. 645; Hall v. Mutual Reserve Fund Life Ass'n, 19 Pa. Superior Ct. 31; McCreighton v. American Catholic Union Ins. Co., 71 Pa. Superior Ct. 332; Hearin v. Standard Life Ins. Co., 8 Fed. Repr. (2nd) 202; Mack v. Connecticut Life Ins. Co., 12 Fed. Repr. (2nd) 416; 271 U. S. 687; Myers v. Liberty Life Ins. Co., 257 Pac. Repr. 933.

The remaining question is whether the clause in the policy that it and the application therefor taken together "constitute the entire contract," precludes defendant from a defense *pro tanto* under the misstatement of age clause in the policy, unless, as contended by the plaintiff, there is attached to the policy the premium rates and the purchasable amounts of insurance according to those rates for every conceivable age of the insured other than the one given, so that the policy would include a statement of the precise amount of insurance which the premium paid would purchase according to whatever age might eventually be found to be the correct age of the insured. This seems to us to be such an extraordinary contention that we cannot sustain it. The support of such a contention would result in a requirement that every policy issued must have attached to it practically the rate book of the company. There seems to be nothing in reason or in the law to support any such contention. The Act of 1921, section 410, sets forth the provisions required to be inserted in a life insurance policy, and in sub-section "*e*" thereof provides for the misstatement of age clause without any requirement whatsoever for the inclusion of a table of rates and the amount of insurance purchasable at every age other than that given; whereas in sub-section "*j*" there is the specific requirement for the inclusion in policies of a table showing in figures the loan value, options available under the policy and other data therein referred to, obviously on the basis of the date given by the insured at which the policy was written, and not on the basis of every other conceivable age. Certainly, the requirements were not more exacting when the policy in the instant case was written prior to the Acts of 1911 and 1921. As already pointed out, the Act of 1885, in force when the policy in this case was written, provided for the adjustment of the amount of insurance, based on the correct age of the insured, without regard to any provisions therefor in the policy itself, although in this case the policy included such a provision, inserted as a matter of business policy by the defendant.

The contention of the defendant in this case finds support in the decision in the case of Doll v. Prudential Ins. Co., 21 Pa. Superior Ct. 434, although the precise question was not raised therein. In some respects, it is a stronger case in support of the defendant's contention. An examination of the record in that case discloses that the policy there did not contain any formal provision in the body thereof for an adjustment of the insurance on the correction of the stated age. However, under "Schedule," at the end of the policy, it was stated in the third column as follows: "Sum insured on the above terms and subject to correction for misstatement of age, $150." In another policy with a similar notation, the amount of the insurance stated

Sipp v. Philadelphia Life Insurance Company.

was $110. The affidavit of defense averred that the insured made a mistake in giving her age, the insured having been of a certain other and increased age at the time the policies were written, and denied its liability for the sums respectively of $150 and $110, but admitted its liability for $72.80 on one policy and $67.60 on another policy, in accordance with the calculation and adjustment made on the basis of the amount of insurance that could have been purchased by the premiums paid at the insured's alleged real age at the time of effecting said insurance. These latter sums were not mentioned in the policies. The court below entered judgment for the plaintiff on the ground that the company was liable for the amount indicated by the numerals in the policies, and that to permit a correction by the defendant under the statement noted in the schedule would be to violate the incontestability clause. The question that the company was obliged to go outside the policy, to wit, to its schedule of premium rates, to ascertain the amount of insurance which would have been purchasable at the real age of the insured was not raised in the case. There was no contention made that it could not do so. The Superior Court held that the lower court erred, and reversed the judgment, awarding a *procedendo* with the following clear statement: "Here the defendant company says to the plaintiff in effect: 'You have a valid policy; we are liable under it according to its terms. These terms require the amount to be paid by us to be determined on the basis of the true age of the insured. This amount we stand ready to pay.'"

The contention of the defendant finds further support in another case which is more directly in point—McCarthy v. Pacific Mutual Life Ins. Co., 178 Ill. App. 502. This was an action on an accident policy insuring a man as a tailor. The company claimed the injury occurred while he was a farmer, and relied, to decrease the amount of liability, on a provision in the policy: "If the insured is injured in an occupation or exposure classified by this company in its latest manual as more hazardous than that stated in the schedule of warranties, the company's liability shall be limited to such proportion of the principal sum or other indemnity as the premium actually paid will purchase at the rate fixed by the company for such more hazardous occupation or exposure."

The plaintiff contended that the latest manual of the company not being part of the policy could not be considered and demurred to this defense. He relied on two statutes, one dealing with life insurance and providing that the policy, together with the application, should constitute the entire contract, and the other dealing with accident insurance and providing that the policies should state the agreement on their face.

The court held that a reference to the manual, that is, its established rates, for the purpose of ascertaining the amount of indemnity due on the basis of the established liability, would in no way violate the provision in the policy that it and the application should constitute the entire contract.

We conclude that the defense set up by the defendant in this case is not an attempt to assert a breach of warranty or a violation of the contract whereby the company would be relieved of its contractual obligation. It is an affirmative defense *pro tanto* set up under the misstatement of age adjustment clause in its policy, and it is available to the defendant because, according to its affidavit of defense, it had its fixed and certain rates and premiums showing the amount of insurance which would have been purchasable under the policy by the insured at her alleged correct age of sixty-five years. It is the opinion of the court that defendant was not required to attach to its policy its schedule of rates and the amounts of purchasable

insurance for the premium paid at every possible age in order to avail itself of the defense set up under the misstatement of age adjustment clause in its policy.

Rule for judgment for want of a sufficient affidavit of defense is discharged.