Clara Mowery, Appellee, v. Washington National Insurance Company, Appellant.

444

Opinion filed March 4, 1937. Rehearing denied April 6, 1937.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

BEASLEY & ZULLEY, of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On April 4, 1935, defendant issued a life and accident insurance policy to Mary Keyser, aged 69 years, in connection with a subscription to the Star-Times, a newspaper of St. Louis, Missouri, in which plaintiff was named beneficiary. The application was taken at the home of the insured at East St. Louis, Illinois, was delivered to defendant's office in St. Louis, where the policy was issued, and afterwards, on April 12, 1935, the insured, while walking upon the streets of Chicago, was struck by a passing automobile and sustained injuries from which she died on June 2, 1935. Defendant denied liability, plaintiff brought suit on the policy, trial was had before the court, and judgment rendered in favor of plaintiff for $1,050 and costs, from which defendant appeals.

The complaint was in the usual form, together with an allegation that the policy, in fine print, contained a clause that "Indemnity for loss of life . . . shall be paid only when such loss occurs within thirty days after the date of the accident causing such loss," and averring that such provision is in derogation of Ill. State Bar Stats. 1935, ch. 73, ¶ 468; Jones Ill. Stats. Ann. 66.543 (sec. 363, ch. 73, Smith-Hurd R. S. 1935), which requires that all exceptions of the policy shall be printed with the same prominence as the benefits to which they apply.

Defendant's answer was a general denial, together with two affirmative defenses: first, that the policy expressly provides indemnity for loss of life, etc., by accidental means, subject to all conditions contained in the policy; and, second, that the policy, in Part 10 thereof, specifies that indemnity for loss of life shall be paid only when death occurs within 30 days after the date of the accident occasioning such loss.

Defendant first contends that the policy was issued at the office of the Star-Times in St. Louis, Missouri, and mailed to the insured at East St. Louis, Illinois, being thereby a Missouri contract and not subject to the provisions of the Illinois statute referred to.

There is some dispute as to whether the evidence establishes that the policy was mailed in St. Louis; however, we think this is not material in view of another consideration.

The policy, on page 1, reads: "The date of this policy is April 4, 1935; its weekly premium is five cents; it takes effect at twelve o'clock noon, standard time, at the residence of the insured of the date hereof, if the insured is then alive, in good health and free from injury."

It is observed that the policy "takes effect . . . at the residence of the insured." To take effect, means to be in force or go into operation. *Maize v. State*, 4 Ind. 342. In other words, the policy was in effect at the residence of the insured, and not elsewhere. If it went into force at such residence, it is evident that the parties intended it should be subject to all the legal regulations which obtained at the situs of such residence; that is, the statute of Illinois. Any different construction would render the quoted provisions meaningless.

It will be presumed that the parties intended that each provision of the policy should be effective unless it contravened some rule of law or public policy, and

it seems manifest that they contemplated, by such wording, that the policy should be tested by the laws of this State. It is therefore an Illinois contract.

Defendant further urges that even if the policy is subject to the Illinois statute, yet it conforms to its terms; that Part 4 of the policy, which provides for a recovery if injuries are sustained by being struck by an automobile, is the part which confers the benefit; that same was printed in the same size type as the provisions of section 10, and hence is not obnoxious to the terms of said Ill. State Bar Stats. 1935, ch. 73, ¶ 468; Jones Ill. Stats. Ann. 66.543 (section 363, chapter 73, Smith-Hurd R. S.).

In this connection it must be noted that on page 1 of the policy it is provided, in bold faced type, that loss of life ''if sustained in the manner described in Part 4,'' shall be indemnified in the sum of $1,000. It is manifest that this provision, together with that of Part 4 referred to, are the clauses which jointly confer the benefit.

We do not think that the clause of Part 10, restricting the right of recovery to instances where the loss occurs within 30 days of the infliction of the injury, can be said to be printed with the same prominence as those conferring the benefit, especially when the most important of the provisions which confer such benefit, being the one providing for the amount of $1,000 for loss by death, is in bold faced type, and is then only modified by Part 4 describing the manner in which the injury may be sustained. *Porter v. Continental Casualty Co.*, 277 Ill. App. 492.

It is further claimed that the provision of Part 10 is not an exception to the liability, but that it is one of the conditions under which the indemnity is payable, and is not an exception as that term is used in the statute. With this we do not agree, and are of opinion that it is one of the exceptions which relieve the insurer

from payment, and as such is within the terms of the act; as held in *Porter v. Continental Casualty Co., supra.*

It is further asserted that inasmuch as the insured was above the age of 60 years, that certain conditions of the policy which provide for a reduction in indemnity under such situations, should control the amount of recovery here. The answer to this contention is that when an insurer desires to avail itself of an exception contained in a policy, by way of defense, to defeat a claim either *in toto* or *pro tanto,* it must plead such exception, and failing to do so waives it as a defense. *Maltby v. Empire Auto Ins. Ass'n,* 239 Ill. App. 532; *McCarthy v. Pacific Mut. Life Ins. Co.,* 178 Ill. App. 502. Such was not pleaded in the instant case, hence is not available to bar or lessen the liability of defendant.

For which reasons the judgment is affirmed.

*Judgment affirmed.*