## Hattie Hickey, Appellant, v. Washington National Insurance Company, Appellee.

Opinion filed November 8, 1939. Rehearing denied December 15, 1939.

EOVALDI & EOVALDI, of Benton, for appellant.

R. J. WETTERLUND, of Evanston, and HICKMAN & HICKMAN, of Benton, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal from a judgment, in an action at law, of the circuit court of Franklin county in favor of appellee, Washington National Insurance Company, a corporation, herein referred to as the defendant, and against the appellant, Hattie Hickey, herein referred to as the plaintiff. The case was submitted to the trial court without a jury and on a stipulation of facts.

On November 15, 1935, the defendant issued to Harry Benjamin Hickey, as the insured, an accident insurance policy whereby, for the benefit of the plaintiff, who was the wife of the insured, the defendant insured the deceased against loss of life from injury in the sum of $1,500 if such injury should be sustained by the wrecking of an automobile while driven by him. The insured died on April 14, 1938, as the result of an accidental injury sustained by him on February 14, 1938, by the wrecking of an automobile while driven by him.

The defendant disclaims liability on the ground that the policy contained the following provision, *"Indemnity for loss of life . . . shall be paid only when such loss occurs within thirty days after the date of the accident causing such loss,"* and that the insured did not die within 30 days after the date of the accident as required by said provision.

To overcome this contention of the defendant the plaintiff contends that under the holding of this court in *Mowery v. Washington Nat. Ins. Co.,* 289 Ill. App. 443, the defendant cannot take advantage of such quoted provision of the present policy. It was stipulated in the instant case that the present policy was the same form of policy as the form of policy in the *Mow-*

*ery* case. In the *Mowery* case the court held that the company could not disclaim liability because of such quoted provision in the policy for the reason that such provision was an exception from liability and was not printed in the policy with the same prominence as the benefits to which such exception applied as required by section 2 of an act of our legislature entitled "An Act concerning and to regulate policies, . . ." approved June 29, 1915. Section 2 of such act provided that no policy therein referred to "shall" be issued or delivered unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply. In the instant case the defendant contends that the Act of 1915 does not apply to or in any way affect the policy in question for the reason that section 12 of such act expressly provided that nothing in said act should apply to or affect any policy of insurance on which the premiums "are payable weekly." It does not appear from the opinion in the *Mowery* case that section 12 of the Act of 1915 was there called to the attention of the court. The court did not in that case refer to or discuss or pass upon the effect of section 12. Therefore the *Mowery* case is not applicable.

Section 12 of the Act of 1915 expressly provided that nothing in such act should apply to or affect any policy of insurance on which the premiums "are payable weekly." Our attention has not been called to any provision in said act inconsistent with said section 12. Therefore, if the policy in the instant case was a policy on which the premiums were payable weekly, such policy was not affected by the Act of 1915.

Plaintiff contends that the premiums under this policy were not "payable weekly" within the meaning of section 12 of the Act of 1915 for the reason that it was stipulated in this case that "premiums in advance by the month were paid on said policy from the time of its issuance," and that the insured continued to be a registered subscriber to the St. Louis Star-Times from the time the policy was issued up to the date of his death.

The wording of the policy with reference to premiums was as follows: *"The date of this policy is Nov. 15, 1935; its weekly premium is five cents (5c); it takes effect at twelve o'clock noon, Standard Time, at the residence of the Insured of the date hereof, . . . and . . . shall continue in force as long as the premium shall be paid in advance by the publication named herein, as agreed, and be accepted by the Company and the Insured shall continue to be a registered subscriber (viz., a home delivery or a mail subscriber, paying therefor on regular prescribed terms, without delinquency) to the St. Louis Star-Times."* In our opinion the present policy was a policy on which the premiums were payable weekly within the meaning of section 12 of the Act of 1915, notwithstanding the fact that the premiums were paid monthly in advance, and notwithstanding the fact that the policy was conditioned that the insured continue to be a subscriber to a certain newspaper, paying therefor on regular prescribed terms. The only premium was five cents per week, which premium was a weekly premium payable in advance, and could, as we view it, be paid in advance in any amount that might be accepted. The fact that premiums were paid monthly in advance did not change the contract represented by the policy so that premiums could be required to be paid monthly in advance. The requirement as to being a regular newspaper subscriber was no part of the premium, but was a condition qualifying the insured to continue the policy in force. Being a policy on which the premiums were payable weekly, such policy by the express provision of said section 12 was not in any way affected by the Act of 1915.

Plaintiff next contends that if the Act of 1915 does not apply, then the rights of the parties are to be determined under an act of our legislature entitled, "An Act to revise the law relating to insurance and to repeal certain Acts therein named," approved June 29, 1937, inasmuch as the insured died April 14, 1938. We do

not consider that the 1937 act in any way affected the policy in question or the rights of the parties under such policy. In *Crawford v. Northwestern Traveling Men's Ass'n*, 226 Ill. 57, the court said: "It is insisted by counsel for appellant that the law writes into every contract the provisions of the statute that are applicable to the transaction. This is true only as to statutes existing at the time the contract was made. Statutes subsequently passed cannot constitutionally abrogate or impair the obligation of contracts already in existence." See also *Jones v. Loaleen Mut. Benefit Ass'n*, 337 Ill. 431, and *People v. Board of Education,* 349 Ill. 390.

Our attention not having been called to any statute in force at the time this policy was issued making illegal or prohibiting the provision of the policy providing that indemnity for loss of life should be paid only when such loss occurred within 30 days after the date of the accident, and such provision not violating any rule of law, the defendant, by reason of such provision of the policy, is not liable under such policy.

There being no liability under the policy, the plaintiff is not entitled herein to any attorney fee.

The judgment of the circuit court is affirmed.

*Affirmed.*