This is a suit for the recovery of the proceeds of a policy of industrial life insurance issued by the defendant company on the life of J.T. Gilbert, deceased, in which policy plaintiff was named as beneficiary.
The only matters before us on this appeal concern questions of pleading, and, accordingly, we set forth an analysis of the pleadings of plaintiff and defendant in the order of filing, together with a statement of the issues raised, as follows:
Plaintiff's original petition contained the allegation "* * * that the said policy itself, the premium receipt book showing payment of premiums and death proof, have all been presented to the defendant insurance company and that all of such documents are now annexed hereto and made a part hereof by reference, since such documents are now in the possession of the defendant company".
To the original petition defendant interposed an exception of vagueness averring that plaintiff's original petition was "vague, general and obscure concerning the policy terms and provisions, the premium receipt book and the proof of death, all of which would have been shown by petitioner's filing of said documents, which said petitioner has failed to do".
The plea of vagueness was sustained with leave granted plaintiff to amend, and, in answer to this ruling of the Court, plaintiff filed a supplemental and amended petition which contained the following allegation: "That petitioner does now attach hereto and make part hereof policy No. B-682545, and also premium receipt book, which evidence payment of premiums on the said policy to February 11, 1946; that *Page 734 
she does also annex hereto and make a part hereof, for the sole purpose of showing the death of J.T. Gilbert, the death proof."
Defendant objected to the allowance of this petition and the objection was sustained with leave again being granted to plaintiff to further amend.
Plaintiff filed a second supplemental and amended petition which included the following allegation: "Petitioner shows that the insured departed this life at the Charity Hospital, Shreveport, Louisiana, on January 23, 1946, of a natural cause, and that petitioner has no independent knowledge of the exact cause of the insured's death; * * *."
A motion to dismiss, based on the alleged failure of plaintiff to properly amend his original petition in conformity with the orders of Court, was filed by defendant and overruled by the Court, whereupon defendant filed an exception of no cause or right of action on June 12, 1946. On June 17, 1946, the Court ordered the exception submitted on briefs to be filed within ten days. Notwithstanding the allowance of this delay, on June 22, 1946, for reasons orally assigned, the Judge sustained the exception and dismissed plaintiff's suit.
It is from the judgment sustaining the exception and dismissing her suit that plaintiff prosecutes this appeal.
Counsel for appellant complains that the judgment of the lower Court sustaining the exception was rendered prior to the time allowed for the filing of briefs and submission of authorities, and, consequently, resulted in a denial of plaintiff's rights, at least to this extent.
[1, 2] We think this contention is more than substantiated by the minute entries to which we have called attention in this opinion. While it is true that courts are permitted to make and interpret their own rules, it is evident in the instant case that the learned district Judge proceeded to determine the issue several days prior to the running of the time which he himself had allowed for the filing of briefs.
Although this point would be sufficient to justify our remanding the case, we think little purpose would be served by such action without a pronouncement upon the second and more serious contention which is made on behalf of plaintiff-appellant, namely, that the trial Court was in error in sustaining the exception. This contention is based upon the argument that the burden is not upon the plaintiff in a suit of this character to plead and prove the cause of death for the purpose of negativing a restriction of liability provided by the terms of the insurance contract itself. As a corollary, it is zealously contended by counsel for plaintiff-appellant that a limitation of liability under the terms of the policy contract is a matter of defense, which places the burden upon the insurer to set up and establish the fact that a particular case falls within such a provision.
The policy of insurance involved in this case limits the liability of the insurer to the amount of the premiums paid in the event of the death of the insured within one year from the date of the policy as a result, directly or indirectly, of tuberculosis.
In support of its exception of no cause or right of action defendant contended that the proof of death which was filed with plaintiff's first supplemental and amended petition evidenced the fact that tuberculosis was a contributing cause of death, and that plaintiff was bound by the showing in the proof of death since it had been filed with her amended petition.
In passing upon this point it is necessary that we consider the character of the so-called "proof of death", which is the basis upon which defendant rests its argument.
The "proof of death" is comprehended in a printed form, required to be submitted to the insurer, designated "Statement of Attending Physician". In this instance the statement under the item "cause of death" sets forth the chief or primary cause as being "thromboplebitis" of unknown duration, and the contributing or secondary cause as being "pulmonary TBC", also of unknown duration.
[3] While it is unquestionably true that documents and exhibits filed with any pleading are to be considered in connection with the allegations of the pleading itself and must he accorded full consideration in *Page 735 
ruling on any plea or exception interposed to such pleadings, this rule is not applicable where the purpose for which the exhibits are attached has been specifically limited by the pleader. More particularly, the application of this rule would be inappropriate and unjustly harsh in cases where, as in the present case, the filing of the instrument, document or exhibit itself has been compelled by order of the Court.
The plaintiff in this case has consistently attempted to preserve her rights by restricting the filing of the proof of death, which was required by the Court, to a showing of the fact of death alone, and has refused to be bound by any pronouncement bearing upon the cause of death.
It is also important that the nature of the document in this case be considered. The so-called "proof of death" is, as a matter of fact, a statement of a physician, which does not attain to the dignity of a formal certificate properly sworn and subscribed. This certificate is not even signed in the handwriting of the physician whose name it bears, but is subscribed by a rubber stamp facsimile of the signature of such physician, bearing the notation that it has been affixed by an agent.
[4] Even if the proof of death in this case had been presented by means of a certified or photostatic copy of an official certificate of death, such a fact would not estop the parties submitting such a document from limiting the purpose for which it was tendered, nor from rebutting the cause of death which had been set forth on such an ex parte document.
[5] The Courts of Louisiana, within recent years, have many times evidenced an increasing liberality in the interpretation of rules of procedure and have refused to apply strict and technical constructions which might deny a litigant the opportunity of making out a case. This tendency was expressed by the late Justice Higgins in his opinion in Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488, 491: "This conclusion is not only in accord with the weight of authority, but consonant with considerations of equity and the modern trend of liberality in upholding substantive rights instead of subtle technicalities."
An expression to the same effect was given in the opinion of this Court in the case of Davies v. Consolidated Underwriters, La. App., 14 So.2d 494, 497: "The development of our jurisprudence has pointed to a disregard of the fatalities of minor technicalities in favor of a broad and liberal construction that would protect the fundamental rights of parties litigant rather than enforce fine distinctions and technicalities with reference to the method and manner of proceeding."
[6] It is evident to us that defendant's contention is a matter of defense to be asserted and sustained by the defendant. Lepine v. First National Life Insurance Co., La. App., 184 So. 376, 377:
"The defense relied upon is a special one and defendant is, therefore, required to prove the facts, upon which it depends:
"Whatever may be the situation elsewhere, in this state it has been expressly held that an insurer relying upon a clause in the policy which exempts the insurer from or limits its liability for loss occurring in a certain manner, which would otherwise be embraced within the general terms of the policy, assumes the burden of proof to establish that the loss came within the exemption or limitation oil the policy. Cahn 
Wachenheim v. Fidelity Cas. Co., 157 La. 238, 102 So. 320; Gaines v. Acme Industrial Life Ins. Soc., La. App., 155 So. 276. See, also, Couch on Insurance, Vol. 8, sec. 2114, p. 6847; Corpus Juris, Vol. 53, verbo "Insurance", p. 90.' "
To the same effect are well-reasoned holdings of courts of other jurisdictions, as particularly exemplified in Mowery v. Washington National Ins. Co., 289 Ill. App. 443, 7 N.E.2d 334; Key v. Cosmopolitan Life, Health Accident Ins. Co., Mo. App., 102 S.W.2d 797; Ward v. National Benevolent Society, Tex.Civ.App., 155 S.W.2d 994, 996: "It is well settled that, where a specified principal sum is provided in the face of an insurance policy, as in the instant case, and the policy contains limitations restricting the recovery under certain conditions, the burden rests upon the insurer to both plead and prove such facts as would reduce the amount of the recovery below the maximum. Cox v. Bankers' *Page 736 
Guaranty Life Co. et al., Tex.Civ.App., 45 S.W.2d 390, and the cases therein cited."
For the reasons assigned, the judgment sustaining the exception of no cause or right of action is reversed and set aside and there is now judgment overruling said exception and remanding this case for trial on the merits. Costs of this appeal are to be borne by defendant-appellee, and all other costs shall await final determination hereof.